IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL A. KLOSS, | ) | |
|     Plaintiff, | ) | C.A. No. 15-282 Erie |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | Magistrate Judge Baxter |
| SCI ALBION/PA D.O.C., et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's motions for preliminary injunction [ECF Nos. 10, 42, 44, 49, 50, 51, 53, 55, and 58] be denied.

**II.    REPORT**

On January 27, 2016, Plaintiff filed a motion for preliminary injunction seeking an order requiring Defendants to: (1) place him on a block with a handicap shower to accommodate the fact that he is in a wheelchair; (2) stop sexually harassing him; (3) provide proper medical care for his stomach condition; and (4) place him back with his former cellmate who assisted him with his disabilities and his legal work. On February 11, 2016, this Court held a telephonic hearing on Plaintiff's motion, during which the Court determined to hold Plaintiff's motion in abeyance and ordered Defendants to file a response addressing Plaintiff's concerns. [ECF No. 14]. Defendants subsequently filed a response to Plaintiff's motion on February 26, 2016, along with exhibits including the Declaration of Christine Zirkle, Correctional Health Care Administrator at SCI-Albion ("Zirkle"). [ECF No. 24].

On April 18, 2016, Plaintiff filed a second motion for preliminary injunction [ECF No.

42], once again seeking the return of his former cellmate to assist him with laundry and pushing his wheelchair. A week later, Plaintiff filed a motion for injunction hearing, which has been construed as a third motion for preliminary injunction [ECF No. 44], repeating many of the same concerns and adding that, on February 6, 2016, he sustained injuries to his left eye and neck that require medical treatment.

On April 27, 2016, this Court held a telephonic hearing on all three of Plaintiff's motions for preliminary injunction. During this hearing, the Court asked Plaintiff to specify the relief he is seeking. Plaintiff responded with the following list of concerns that he would like to be addressed, some of which are not contained in any of his pending motions: (1) he requires a new wheelchair because the bearings on his current one are worn out; (2) he requires the testosterone injection that he was due to receive the day before; (3) he requires stomach surgery; (4) he requires paperwork from the kitchen showing that he has not been eating meals; (5) he requires coordinated times for his injections; (6) he requires help with his laundry and cell cleaning because he lacks the strength to do them himself; and (7) he requires treatment for his left eye. In response to these concerns, Defendants' counsel responded that: (1) Plaintiff's wheelchair is being looked into; (2) Plaintiff refused his testosterone injection the day before, but arrangements will be made to ensure he receives one promptly; (3) Plaintiff has had two consults regarding his stomach issues and no further procedures have been recommended; (4) the paperwork Plaintiff seeks from the kitchen may be obtained through discovery; (5) Plaintiff's injections will be received at the discretion of the medical staff, not at the whim of the Plaintiff; (6) Plaintiff's claim that he does not have enough strength in his shoulder and arms to do his own laundry and clean his cell is belied by his statements to medical staff that he did not require physical therapy

and is "fine" (ECF No. 24-1, Declaration of Christine Zirkle, at p. 5 (internal p. 4)); and (7) Plaintiff's left eye complaints had not previously been reported to medical staff and will be addressed.

Since the hearing of April 27, 2016, Plaintiff has continued to file a succession of motions for injunctive relief [ECF Nos. 49, 50, 51, 53, 55, 58], which essentially seek the same relief as requested in his prior injunction motions. As a result, this Court held another telephonic hearing on June 8, 2016, to address these motions and to ensure that Plaintiff has no further claims beyond those raised in his prior motions. Having determined that the issues have largely remained the same, this Court is now prepared to consider all of Plaintiff's injunction motions at once.

### B.      Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109

(3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher=s Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982) ("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

### **C.** **Discussion**

Here, Plaintiff has failed to meet his burden of showing either immediate irreparable injury or a likelihood of success on the merits. Despite his many complaints, it appears that all have, or are being, addressed by Defendants. In particular, Plaintiff's medical needs are presently being addressed by qualified medical personnel, and further medical consults have been scheduled in accordance with Plaintiff's requests. This Court is not empowered to direct the course of medical treatment Plaintiff is given, nor may it override the discretion of medical professionals. The Court is also not empowered to accommodate Plaintiff's requests for the return of his former cellmate or the assignment of a personal aide, as these requests raise security concerns that fall within the purview of the Pennsylvania Department of Corrections. Moreover, none of the concerns raised by Plaintiff have been exhausted by Plaintiff through the administrative remedy process. As a result, Plaintiff cannot demonstrate a likelihood of success on the merits.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motions for preliminary injunction [ECF Nos. 10, 42, 44, 49, 50, 51, 53, 55, and 58] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: June 8, 2016

cc: The Honorable Barbara Rothstein
United States District Judge