UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
AT ERIE

| Daniel A. Kloss, | ) | |
| --- | --- | --- |
| | ) | |
| *Plaintiff*, | ) | CIVIL CASE NO. 15-cv-00282 |
| | ) | |
| v. | ) | |
| | ) | ORDER ADOPTING REPORT |
| SCI Albion/PA D.O.C., *et al.*, | ) | AND RECOMMENDATION |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

## I. INTRODUCTION

Before this Court is Magistrate Judge Baxter's Report and Recommendation dated June 8, 2016. Dkt. No. 65. Magistrate Judge Baxter recommends that this Court deny Plaintiff's nine motions for a preliminary injunction. Dkt. Nos. 10, 42, 44, 49, 50, 51, 53, 55, and 58. Plaintiff timely filed objections to the Report and Recommendation. Dkt. No. 70. Having reviewed the Report and Recommendation, Plaintiff's objections thereto, the record of the case, and the relevant legal authority, the Court HEREBY ADOPTS the Report and Recommendation and DENIES Plaintiff's motions for a preliminary injunction. The reasoning for the Court's decision follows.

## II. BACKGROUND

Plaintiff Daniel A. Kloss initiated this lawsuit on December 4, 2015, alleging that Defendants have sexually harassed him, denied him medical treatment, violated his First Amendment rights, and wrongfully denied him disability accommodations under the Social Security Act. Dkt. No. 3. In addition, he requests that he be "placed back in the same cell and unit as [inmate] Jamie Butler." *Id.* at 5. Before Defendants responded to the complaint, on January 27, 2016, Plaintiff filed a motion for preliminary injunction. Dkt. No. 10. Plaintiff

requested the following relief in the motion, that: (1) he be placed in a unit with a handicap shower; (2) the prison staff stop harassing him because he is "LGBT"; (3) he receive medical attention for his stomach and shoulder; and (4) he be allowed to resume sharing a cell with his former cellmate who assisted him with his disabilities and his legal work. *Id*. at 1.

On February 11, 2016, Magistrate Judge Baxter held a telephonic hearing on Plaintiff's motion. At the conclusion of the hearing, Magistrate Judge Baxter decided to hold the motion in abeyance and instructed Defendants to file a response addressing Plaintiff's concerns. Dkt. No. 14. Defendants subsequently filed a response to Plaintiff's motion on February 26, 2016, along with exhibits including the Declaration of Christine Zirkle, Correctional Health Care Administrator at SCI-Albion. Dkt. No. 24.

On April 18, 2016, Plaintiff filed a second motion for preliminary injunction (Dkt No. 42), once again seeking the return of his former cellmate to assist him with laundry and pushing his wheelchair. A week later, Plaintiff filed a motion for an injunction hearing, which Magistrate Judge Baxter construed as a third motion for preliminary injunction. Dkt. No. 44. In this motion, Plaintiff repeated many of his prior allegations, but also added that, on February 6, 2016, he allegedly sustained injuries to his left eye and neck that require medical treatment. On April 27, 2016, the Magistrate Judge held a telephonic hearing on all three of Plaintiff's motions for preliminary injunction.

Since the April 27, 2016 hearing, Plaintiff has filed an additional six motions for injunctive relief (Dkt. Nos. 49, 50, 51, 53, 55, 58), each seeking substantially the same relief as requested in his prior motions. Magistrate Judge Baxter held another telephonic hearing on June 8, 2016 to address these motions. At the hearing, Magistrate Judge Baxter determined that Plaintiff's issues had largely remained the same, and as such, she could address all of Plaintiff's motions for injunctive relief at once.

Thereafter, on June 8, 2016, Magistrate Judge Baxter issued the instant Report and Recommendation. She recommends that this Court deny each of Plaintiff's motions because Plaintiff has failed to meet his burden of showing either immediate irreparable injury or a likelihood of success on the merits. The Magistrate Judge concludes that Plaintiff's medical needs are being addressed by qualified medical personnel and further medical consults have been scheduled in accordance with Plaintiff's requests. The Magistrate Judge also notes that this Court is not empowered to direct the course of medical treatment Plaintiff is given, nor may this Court override the discretion of medical professionals. Likewise, this Court is also not empowered to accommodate Plaintiff's requests for the return of his former cellmate or the assignment of a personal aide, as such requests raise security concerns that fall within the domain of the Pennsylvania Department of Corrections. As a result, the Magistrate Judge concludes, Plaintiff cannot demonstrate a likelihood of success on the merits.

Plaintiff filed timely objections to the Report and Recommendation. Dkt. No. 70. In his objections, Plaintiff reiterates his litany of complaints and adds some new allegations. Specifically, he alleges that Defendants have failed to respond to his request to have his right shoulder examine by a doctor in Pittsburgh. He claims that Defendants refuse to schedule the appointment because their "medical judgment [is] clouded by the policies and procedures within the commonwealth Of [*sic*] Pennsylvania" to provide "as little health care as possible." *Id*. at 2. He claims that if he does not receive proper treatment soon, he will be caused irreparable harm because his shoulder will become "calcified." *Id*.

Plaintiff further alleges that he was supposed to receive a testosterone shot on April 26, 2016, but he was not given the shot.[1] He claims that because he did not receive the shot in April,

---

[1] While Plaintiff alleges that he did not receive the testosterone shot on April 26, 2016, it is unclear whether he is alleging that he still has not received the shot.

he now has a neck injury, suffered "a slight stroke", and "has lost the ability to use his hands." *Id*. at 4. It appears that he also believes that his failure to receive the testosterone shot has resulted in his need to use a wheelchair. *Id*. at 5.[2] He also claims that a medical doctor ordered that his stomach condition be examined every four to six months, but Defendants have failed to comply with these instructions. *Id.* at 2. He claims that he has lost fifty pounds as a result of his stomach condition. *Id*. at 2-3.

Plaintiff further implies, without directly stating, that Defendants have failed to give him "pain shots" that he is supposed to receive "three times a week." *Id*. at 3. He argues that allowing him to "be in pain when the [D]efendant could've given him pain shots" constitutes "cruel and unusual punishment." *Id*.

### III. DISCUSSION

#### A. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc*., 995 F.2d 1566, 1568 (Fed. Cir. 1993); *see also Hoxworth v. Blinder, Robinson & Co. Inc*., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980); *see also Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982).

---

[2] Plaintiff also alleges that "he was grabbed by the throat and slammed up against the wall by C/O Crum on 2/6/16" and, as a result, he "believes that the Medtronic device implanted in his neck" was damaged. Dkt. No. 70 at 4.

4

Four factors must be shown for the issuance of a preliminary injunction: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticello*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F. 3d 139, 147 (3d Cir. 2010)). The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." *Ortho Biotech Prods., L.P. v. Amgen Inc.*, No. CIV. 05-4850 (SRC), 2006 WL 3392939, at *5 (D.N.J. Nov. 21, 2006) (quoting *Apollo Tech. Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1205 (D.N.J. 1992)).

**B.     Analysis**

Plaintiff cannot meet his burden for establishing that injunctive relief is warranted in this case. It is clear from the record that Plaintiff has received and continues to receive medical attention for his numerous complaints. He has been treated by the medical staff at SCI-Albion and he has been referred to outside specialists. *See* Dkt. No. 24, Ex. A at ¶ 3. For instance, Plaintiff was referred to and examined by Dr. Levy in July and August 2015. *Id*. Dr. Levy is a gastroparesis specialist in Pittsburgh who treated Plaintiff prior to his incarceration. *Id*. Dr. Levy treated Plaintiff's gastroparesis condition with dilation and Botox; the doctor did not recommend further procedures, only "follow up as needed." *Id*.

Likewise, Plaintiff was sent to be examined by his prior orthopedic specialist, Dr. Raybuck, in Pittsburgh. *Id*. Dr. Raybuck examined Plaintiff's shoulder, administered an injection for pain, and recommended physical therapy. *Id*. Plaintiff was then sent to SCI-Laurel Highlands for the recommended physical therapy. *Id*. However, Defendants allege that once Plaintiff arrived at SCI-Laurel Highlands, he insisted that he was fine and requested that he be transferred back to SCI-Albion. *Id.* In addition, Plaintiff claims that he is supposed to receive a shot for pain

"three times a week," but this statement contradicts Dr. Raybuck's recommendation that Plaintiff receive an injection no sooner than three months from the date of his last injection. *Id.*

Based on this record, Plaintiff cannot establish a "likelihood of success on the merits." *Botticello*, 613 F.3d at 109. Here, prison officials have not been deliberately indifferent to an alleged medical condition; rather, Plaintiff disagrees with the type of medical treatment he is receiving. Such a disagreement is not sufficient to establish a viable federal civil rights complaint. *See*, *e.g.*, *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d. Cir. 1979) (citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)) (the deliberate indifference inquiry does not require courts to "second guess" the reasoned treatment decisions of health care professionals); *Hathaway v. Coughlin*, 37 F.3d 63, 70 (2d Cir. 1994) ("Where the dispute concerns not the absence of help, but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, [the court] will not second guess the doctors."); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987) ("[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment ... [a court] will not second guess the doctors.").[3]

Likewise, this Court is also not empowered to accommodate Plaintiff's requests for the return of his former cellmate or the assignment of a personal aide, as these requests raise security concerns that fall within the purview of the Pennsylvania Department of Corrections. *See*, *e.g.*, *Thornburgh v. Abbott*, 490 U.S. 401, 404-07 (1989) (the court must give prison officials considerable deference in determining what is reasonably necessary to maintain order and safety within an institution).

---

[3] Plaintiff's allegations that he has suffered a stroke and no longer has use of his hands were raised for the first time in his objections to the Report and Recommendation. As such, the Court will not address them here.

## V. CONCLUSION

For the forgoing reasons, the Court Adopts the Report and Recommendation (Dkt. No. 65) and HEREBY DENIES each of Plaintiff's motions for a preliminary injunction (Dkt. Nos. 10, 42, 44, 49, 50, 51, 53, 55, and 58).

Dated this 12th day of July, 2016.

Barbara Jacobs Rothstein
U.S. District Court Judge