IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL A. KLOSS, | ) | |
| Plaintiff, | ) | C.A. No. 15-282 Erie |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | Magistrate Judge Baxter |
| SCI ALBION/PA D.O.C., et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 79] be denied.

### II.  REPORT

On August 8, 2016, Plaintiff filed a motion for preliminary injunction claiming that he needs to take longer to eat because of his "stomach disability" and that staff members at SCI-Albion are not allowing him to do so by ordering him to leave chow hall before he is finished with his meals. Thus, he is seeking a restraining order against Defendants to prevent them from interfering with his ability to finish eating.

#### B.  Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly

heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher=s Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982) ("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

**C.** **Discussion**

This is the latest of a multitude of temporary restraining orders that Plaintiff has filed in this case attempting to tell the staff at SCI-Albion the "appropriate" medical treatment and/or accommodations he is to receive, according to Plaintiff. After having had many hearings on these motions where this Court has explained to Plaintiff that the Court cannot override medical expert treatment with Plaintiff's choice of treatment, the Court requested at the most recent hearing that Plaintiff refrain from filing these types of motions while legal counsel is being sought to represent him. Once again, however, Plaintiff asserts, without evidentiary support in the form of a medical prescription or order, that he needs extra time in the chow hall and different timing for his testosterone shots. The Court will not indulge these demands with hearings, and will require Plaintiff to support his statements with medical orders or other reliable evidence to show that the institution is not complying with doctor's orders.

In the meantime, this Court finds that Plaintiff has failed to show either immediate irreparable harm or a likelihood of success on the merits to warrant injunctive relief.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 79] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

                                                  /s/ Susan Paradise Baxter  
                                                  SUSAN PARADISE BAXTER  
                                                  United States Magistrate Judge

Date:    August 22, 2016

cc:      The Honorable Barbara Rothstein  
          United States District Judge