IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL A. KLOSS, | ) | |
|     Plaintiff, | ) | C.A. No. 15-282 Erie |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | Magistrate Judge Baxter |
| SCI ALBION/PA D.O.C., et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for emergency medical injunction [ECF No. 108] and "motion evidence for pain medication denial" [ECF No. 109], which is construed as a supplement to Plaintiff's injunction motion [ECF No. 108], be denied.

**II.    REPORT**

On December 9, 2016, Plaintiff filed a motion for emergency medical injunction [ECF No. 108] seeking an order to stop Defendants from requiring him to go through a metal detector in the recreation yard, because it allegedly activates his implanted cervical device and puts him at risk of being shocked to death. Plaintiff subsequently filed a "motion evidence for pain medication denial" [ECF No. 109], which this Court has construed as a supplement to Plaintiff's medical injunction motion [ECF No. 108], complaining that SCI-Albion's medical staff stopped giving him Toradol shots for pain.

A telephonic hearing on both motions was held before this Court on January 6, 2017. During this hearing, Plaintiff stated that his cervical implant is broken and cannot be turned off once the device is activated by going through a metal detector, which makes him susceptible to

being shocked; however, none of the paperwork Plaintiff submitted with his motion [ECF No. 108] verify that his device is broken or that going through a metal detector with the device might subject him to harm. (ECF No. 117, Hearing Transcript, at pp. 6-9). Plaintiff also stated that he was receiving Toradol shots for his cervical pain, but that it was cut off after four weeks. (Id. at pp. 9-11). In response, Defendants' attorney stated that the Toradol prescription was restricted to a four-week protocol and that Plaintiff was only compliant with the treatment 38-percent of the time, in any event. (Id. at pp. 11-12).

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the

record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher=s Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982) ("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

### C.     Discussion

The pending motions are the latest of a multitude of temporary restraining order motions that Plaintiff has filed in this case attempting to tell the staff at SCI-Albion the "appropriate" medical treatment and/or accommodations he is to receive, according to Plaintiff. Once again, this Court finds that Plaintiff has failed to show either immediate irreparable harm or a likelihood of success on the merits to warrant injunctive relief. In particular, Plaintiff has failed to present any evidence that his cervical implant is broken and/or malfunctioning, and that going through a metal detector would subject him to imminent risk of harm. As for Plaintiff's complaint that he is no longer receiving Toradol shots, this Court is not in a position to override the professional judgment of a medical doctor, nor would the Court be inclined to do so in a case such as this, where Plaintiff has been largely non-compliant with the very treatment he seeks to have this

Court impose.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for emergency medical injunction [ECF No. 108] and "motion evidence for pain medication denial" [ECF No. 109], which is construed as a supplement to Plaintiff's medical injunction motion [ECF No. 108], be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: January 19, 2017

cc: The Honorable Barbara Rothstein
United States District Judge