# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL A. KLOSS,<br>    Plaintiff,<br><br>    v.<br><br>SCI ALBION/PA D.O.C., et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-282 Erie<br><br>**District Judge Rothstein**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Defendants Wagner and Santos be dismissed from this case for Plaintiff's failure to prosecute.

### II.    REPORT

#### A.    Relevant Procedural History

Plaintiff Daniel L. Kloss, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, submitted a *pro se* complaint for filing in this district on November 23, 2015, against Defendants Nancy Giroux ("Giroux"), Valerie Kuziak ("Kuziak"), Robert Maxa ("Maxa"), Mr. Santos ("Santos"), SCI Albion/PA DOC, Kurt Suesser ("Suesser"), Ms. Wagner ("Wagner"), and Christine Zirkle ("Zirkle"). On December 28, 2015, this Court issued an Order directing the U.S. Marshal to serve the complaint upon the Defendants in accordance with service instructions to be provided by Plaintiff; however, Plaintiff was notified by the U.S. Marshal that Plaintiff only provided the required service forms for Defendants Giroux and SCI Albion/PA DOC. Thus, on April 6, 2016, this Court issued an Order directing Plaintiff to provide

1

a USM-285 "Process Receipt and Return" form for each named Defendant in this action by April 26, 2016, so that Defendants can be properly served with the complaint in this matter [ECF No. 36]. Plaintiff subsequently filed with the Clerk USM-285 forms for Defendants Kuziak, Maxa, Suesser, and Zirkle; however, no service instructions have ever been provided for Defendants Wagner and Santos in compliance with this Court's Order of April 6, 2016.

**B.      Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal Defendants Wagner and Santos from this case. Since the inception of this case, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants Wagner and Santos. In particular, Plaintiff has failed to comply with an Order of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, Defendants Wagner and Santos should be dismissed from this case due to Plaintiff's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants Wagner and Santos be dismissed from this case for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 10, 2017

cc: The Honorable Barbara Rothstein
United States District Judge