IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL A. KLOSS, | ) | |
|     Plaintiff, | ) | C.A. No. 15-282 Erie |
| | ) | |
|     v. | ) | District Judge Rothstein |
| | ) | Magistrate Judge Baxter |
| SCI ALBION/PA D.O.C., et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's motions docketed at ECF Nos. 135, 136, 146, 158, 162, 165, 174, and 179, all of which are construed as motions for preliminary injunction, be denied.

### II.    REPORT

#### A.    Relevant Procedural History

On March 20, 2017, Plaintiff filed a "motion from abuse (sexual) for PFA order" [ECF No. 135], asserting that a corrections officer identified as "Sgt. Mazzone" sexually assaulted him in August 2016, and repeatedly harassed him in September and October 2016. As a result, Plaintiff asks the Court to intervene to protect him and to transfer him to another prison, if necessary. Defendant Giroux filed a response to Plaintiff's motion from abuse [ECF No. 137] noting that Sgt. Mazzone is not a Defendant in this case, and that Plaintiff's claims against Sgt. Mazzone were investigated fully by Prison Rape Elimination Act ("PREA") staff and were deemed unfounded.

1

Also on March 20, 2017, Plaintiff filed a document entitled "motion for health care" [ECF No. 136], which has also been construed as a motion for preliminary injunction. In this motion, Plaintiff complains that he was mistakenly sent to Millcreek Community Hospital ("MCH") for a stomach procedure, identified as an "EGD W Botox Inj. to Pyloris," when he should have been sent to UPMC Presbyterian Hospital in Pittsburgh for the procedure. In addition, Plaintiff claims that he also requires neck surgery at the same hospital, and asserts that this Court previously ordered Defendants to use UPMC for both procedures, but Defendants failed to follow orders. Defendant Giroux filed a response to this motion [ECF No. 138], indicating that Plaintiff has been receiving medical care from Dr. Boggio at MCH, but refused to have his EGD procedure done at MCH and simply wants to dictate the terms of his care. In addition, Defendant correctly notes that this Court has never ordered any medical procedure in this case.

On April 7, 2017, Plaintiff filed a "motion to enter 3 months of harassment and neglect of my rights" [ECF No. 146], raising a number of complaints regarding the medical treatment he has and/or has not received at SCI-Albion, including, *inter alia*, the discontinuation of testosterone shots and thyroid medications, the decision to send him to MCH for the EGD procedure (previously raised in ECF No. 136), the delay and/or refusal to order Voltarin pain pills, and the cancellation of EGD and shoulder appointments in March 2017. Defendants SCI-Albion, Giroux, Kusiak, Zirkle and Susser ("DOC Defendants") filed a response [ECF No. 189] specifically addressing each of Plaintiff's complaints and arguing, in general, that Plaintiff is impermissibly seeking to have the Court override the professional judgment of his health care

providers.[1]

On April 27, 2017, Plaintiff filed a "motion to put my RRRI release date back" [ECF No. 158], asserting that his RRRI (Recidivism Risk Reduction Incentive) early release date of August 21, 2017, was taken away by the "in house parole dept." at SCI-Albion without explanation. The DOC Defendants filed a response to this motion [ECF No. 187] objecting to the fact that Plaintiff's motion does not relate to the issues in the underlying complaint, and that any motion seeking early release sounds in *habeas corpus* and is not permissible in a civil rights case. Moreover, the DOC Defendants indicate that Plaintiff was decertified from RRRI eligibility as a result of his receipt of at least ten misconducts in the twelve month period preceding the parole department's review.

On May 5, 2017, Plaintiff filed a "motion for emergency medical injunction (preliminary) for testosterone hormone shots to continue & new pain shots after surgery" [ECF No. 162], requesting the reinstatement of his testosterone and Toradol shots. The DOC Defendants filed a response [ECF No. 190] objecting to Plaintiff's motion because it does not relate to the underlying complaint or involve any named Defendant in this case. Furthermore, Defendants argue that substantially similar requests were previously denied by this Court because Plaintiff is asking the Court to second-guess the professional judgment of medical staff. (See ECF Nos. 65, 85, 120 and 133).

---

[1] The Court notes that Defendant Maxa has also responded to this and all subsequent motions addressed herein; however, Defendant Maxa acknowledges that he left SCI-Albion in 2016 and, thus, has not been involved in any medical decisions regarding Plaintiff since such time. Nonetheless, Defendant Maxa's general objections to the form and content of Plaintiff's motions are duly noted.

On May 8, 2017, Plaintiff filed a "motion injunction for non live in aide for very needed help" [ECF No. 165] requesting that he be assigned a personal aide to push his wheelchair, clean his cell, and change his sheets. The DOC Defendants filed a response to this motion [ECF No. 188], noting that this Court previously denied a substantially similar request by Plaintiff [See ECF No. 65], and arguing that aides are assigned to units and not to individual inmates, for security concerns.

On May 15, 2017, and again on May 17, 2017, Plaintiff filed a motion for emergency hearing regarding his security level and housing code. [ECF Nos. 174, 179]. In both motions, Plaintiff objects to the increase of his security level from a 2 to a 4, and the assignment of a Z and H code, and asks this Court for an Order returning him to his original status. In their response at ECF No. 189, the DOC Defendants note that Plaintiff's security level and housing codes reflect the fact that he has been "identified as an institutional predator due to his past and ongoing efforts to manipulate vulnerable inmates." (ECF No. 189 at pp. 7-8).

Plaintiff's motions are now ripe for consideration.

**B.     Standard of Review**

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle

County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982) ("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

**C.**     **Discussion**

Primarily for the reasons cited by the Defendants in their responses, the Court

5

recommends that all of Plaintiff's motions be denied as frivolous and vexatious. First, as to Plaintiff's "motion from abuse" [ECF No. 135], Plaintiff is unable to establish either a likelihood of success on the merits or immediate irreparable harm. As Defendants have indicated, Plaintiff's complaints against Sgt. Mazzone were fully investigated by PREA staff and were deemed unfounded. Moreover, Plaintiff has not shown that he is in danger of immediate irreparable harm merely because Sgt. Mazzone was recently reassigned to his unit. Any perceived danger is speculative in nature.

Second, Plaintiff's "motion for health care" [ECF No. 136], "motion to enter 3 months of harassment" [ECF No. 146], and "motion for emergency medical injunction" [ECF No. 162], are the latest of a multitude of injunction requests that Plaintiff has filed in this case attempting to dictate the "appropriate" medical treatment and/or accommodations he is to receive. Once again, this Court finds that Plaintiff has failed to show either immediate irreparable harm or a likelihood of success on the merits to warrant injunctive relief. Instead, it is plain from Plaintiff's allegations that he is simply disagreeing with Defendants' medical judgment, which is not actionable. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation). This Court will not override the professional judgment of medical practitioners charged with Plaintiff's care.

Third, Plaintiff's "motion to put my RRRI release date back" [ECF No. 158] is not cognizable in a civil rights action because it challenges the duration of Plaintiff's confinement, not the conditions of his confinement and, thus, improperly seeks *habeas corpus* relief. Preiser v. Rodriguez, 411 U.S. 475 (1975). Moreover, the DOC Defendants make clear that Plaintiff was

informed of the reasons why his RRRI eligibility was decertified, which were within the sound discretion of the parole department; yet Plaintiff would have this Court believe that his eligibility was removed "without explanation."

Fourth, Plaintiff's "motion injunction for non live in aide" [ECF No. 165] raises security concerns that fall within the purview of the DOC, which cannot be infringed upon by the Court. Moreover, it is apparent from the DOC Defendants' response that unit aides are made available to assist Plaintiff with his needs, but that Plaintiff stubbornly insists on the assignment of a personal aide, which is not permissible. In the same way, Plaintiff's motions for emergency hearing regarding his security level and housing codes [ECF Nos. 174 and 179] improperly seek the Court's intervention on matters involving prison security, which are solely within the DOC's discretion.

Finally, the Court is compelled to note that the motions addressed herein are only the most recent of a long list of similar motions that have been continually filed by Plaintiff in this case. At last count, Plaintiff has filed approximately 22 motions that have been titled and/or construed as motions for preliminary injunctions (ECF Nos. 10, 42, 49, 50, 51, 53, 55, 58, 67, 79, 108, 109, 126, 130, 135, 136, 146, 158, 162, 165, 174, 179), not to mention numerous letters to the Court raising various concerns regarding his treatment in prison, despite District Judge Rothstein's prior Order that he is not to attempt *ex parte* communication with the Court through such letters. [ECF No. 23]. In short, Plaintiff has exhausted this Court's time and resources on matters that have variously been found to be groundless, repetitive, misleading, and vexatious.

Accordingly, the Court admonishes Plaintiff of its displeasure with Plaintiff's repeated

filing of motions and letters containing allegations intended to mislead this Court or to oppress Defendants and their counsel, particularly on matters that have been repeatedly heard and addressed by the Court. Plaintiff is advised that any such subsequent filings with this Court will be subject to this Court's recommendation that the harshest of sanctions be imposed, including possible dismissal of this action. See Bracey v. Harlow, 2013 WL 153312 at *1 (W.D.Pa. Jan 15, 2013), citing In re: Prudential Ins. Co. America Sales Practice Litig. Agent Actions, 278 F.3d 175, 189 (3d Cir. 2002) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)) (Rule 11 of the Federal Rules of Civil Procedure allows sanctions to be imposed against a party through the Court's inherent power and its own initiative. Circumstances that may justify sanctions pursuant to a court's inherent power include "cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons ...."); Rivera v. Pennsylvania Dept. of Corr., 2010 WL 4318584 (W.D.Pa. Oct. 26, 2010) (deliberate attempts to mislead this Court exposes prisoner plaintiff to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which apply to pro se litigants as well as to attorneys).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motions docketed at ECF Nos. 135, 136, 146, 158, 162, 165, 174, and179, all of which are construed as motions for preliminary injunction, be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have

fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   May <u>23</u>, 2017

cc:   The Honorable Barbara Rothstein
      United States District Judge