# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Daniel A. Kloss, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Civil Case No. 15-cv-00282 |
| | ) | |
| v. | ) | ORDER ADOPTING THE |
| | ) | REPORT AND RECOMMENDATION |
| SCI Albion/PA D.O.C. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

Before the Court is the Report and Recommendation ("R&R") of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending that the Court dismiss Defendants Ms. Wagner and Mr. Santos from this case for Plaintiff's failure to prosecute. (ECF No. 148). Plaintiff timely filed objections to the R&R. (ECF No. 150). Having reviewed the Report and Recommendation, Plaintiff's objections thereto, the record of the case, and the relevant law, the Court HEREBY ADOPTS the Report and Recommendation to dismiss Defendants Ms. Wagner and Mr. Santos for Plaintiff's failure to prosecute.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Daniel A. Kloss, an inmate incarcerated at the State Correctional Institution in Albion, Pennsylvania, filed a *pro se* complaint on November 23, 2015 naming Defendants Nancy Giroux ("Giroux"), SCI Albion, PA D.O.C., Valerie Kuziak ("Kuziak"), Dr. Robert Maxa ("Maxa"), Christine Zirkle ("Zirkle"), Ms. Wagner ("Wagner"), and Mr. Santos ("Santos"). (ECF No. 3). Plaintiff alleges sexual harassment, denial of medical treatment, violations of his First Amendment "Right for Religion," and violation of the "Federal Disability Act." (ECF No. 3 (Compl. at ¶ 4)). The factual allegations involving prison officials Wagner and Santos are sparse.

Plaintiff contends Wagner made an agreement with Plaintiff that Plaintiff could continue to have a fellow prisoner, Mr. Butler, as his cellmate and "live-in aide." Plaintiff claims Wagner "never did what she said she would do." (ECF No. 3 (Compl., ¶¶ 7, 8)). Additionally, Plaintiff avers Santos promised Plaintiff that Plaintiff would be returning to SCI Albion Unit B/B with cellmate Mr. Butler, after being moved to McKean County prison for a hearing. (ECF No. 3 (Compl., ¶ 13)). However, Plaintiff and Mr. Butler were separated as cellmates "due to possible sexual relations with each other." (ECF No. 3 (Compl. ¶¶ 15, 16.))

On December 28, 2015, Magistrate Judge Baxter issued an Order directing the U.S. Marshal to serve the complaint upon the Defendants in accordance with the required USM-285 "Process Receipt and Return" form, to be provided by Plaintiff for each individual Defendant. (ECF No. 6). Although service copies were received by the U.S. Marshal, they lacked the required documents to effectuate service on all Defendants. (ECF No. 11). Plaintiff was notified by the U.S. Marshal that Plaintiff only provided the required service forms for Defendants Giroux and SCI Albion/PA D.O.C. Thus, on April 6, 2016, Magistrate Judge Baxter issued an Order directing Plaintiff to provide the proper forms for each named Defendant by April 26, 2016, so that Defendants could be properly served with the complaint in this matter. (ECF No. 36). Subsequently, Plaintiff filed with the Clerk USM-285 forms for Defendants Kuziak, Maxa, Suesser and Zirkle. (ECF No. 143). No service instructions were ever provided for Defendants Wagner and Santos in compliance with the Court's Order of April, 6, 2016. Moreover, Plaintiff did not name Wagner and Santos as Defendants in the August 25, 2016 Proposed Amended Complaint. (ECF No. 86).

Thereafter, on April 10, 2017, Magistrate Judge Baxter issued the R&R, recommending that this Court dismiss Defendants Wagner and Santos for Plaintiff's failure to prosecute due to

Plaintiff's failure to provide the required USM-285 "Process Receipt and Return" service forms for Defendants Wagner and Santos. (ECF No. 148).

Plaintiff filed timely objections to the R&R. (ECF No. 150). In his objections, Plaintiff avers it was never brought to his attention until the April 10, 2017 Order that Wagner and Santos were never served. Plaintiff states he submitted additional USM-285 forms in his August 25, 2016, Proposed Amended Complaint; however, Wagner and Santos were not named Defendants. (ECF No. 86). Plaintiff claims his failure to prosecute Defendants Wagner and Santos was an "honest mistake" and Plaintiff requests additional time to submit the proper paperwork for Wagner and Santos. (ECF No. 150).

### III. DISCUSSION

#### A. Standard of Review

When a party files objections to an R&R, the district court must review the Magistrate's findings *de novo*. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). To obtain *de novo* review, a party must timely file, and specifically identify portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74; *see also* 28 U.S.C. § 636(b)(1).

#### B. Analysis

Magistrate Judge Baxter recommends the dismissal of Defendants Wagner and Santos for Plaintiff's failure to prosecute. (ECF No. 148). Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a plaintiff's case if the plaintiff fails to prosecute or comply with a court order. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). To assure that the "extreme" sanction of dismissal is reserved for occurrences where it is justly merited, the Third Circuit has established

a six-factor balancing test. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 870 (3d Cir. 1984) (reiterating that dismissals with defaults are drastic sanctions termed "extreme") (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). To determine whether dismissal is appropriate, the court must weigh: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868-70. Not all of these factors are required to be met to warrant a dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Applying the *Poulis* factors to the present matter, the Court adopts Magistrate Judge Baxter's recommendation that the Court dismiss Defendants Wagner and Santos for Plaintiff's failure to prosecute.

### 1. The Extent of the Party's Personal Responsibility

A *pro se* plaintiff is personally responsible for complying with court orders and is solely responsible for the progress of his case. *Briscoe*, 538 F.3d at 258-59. Since the commencement of this action, Plaintiff has repeatedly failed to take the necessary steps to prosecute this case against Defendants Wagner and Santos. Specifically, Plaintiff failed to comply with the April 6, 2016, Court Order that Plaintiff provide the Clerk with a USM-285 form for each named Defendant. (ECF No. 36). Because Plaintiff only provided the required USM-285 forms for Defendants Suesser, Zirkle, Kuziak, and Maxa, no service instructions were ever provided for Defendants Wagner and Santos. Further, in the April 27, 2016 hearing, Plaintiff acknowledged that the USM-285 forms for service had not been completed for Wagner and Santos. (ECF No. 52 (Hr'g Tr., 2:24-3:12, Apr. 27, 2016)). On August 25, 2016, Plaintiff filed a Motion for Leave to File an

4

Amended Complaint in which he named additional Defendants; again, no service instructions were ever provided for Defendants Wagner and Santos. In fact, these Defendants were not even named in the proposed Amended Complaint. (ECF No. 86 at 2-4). As such, Plaintiff has no one to blame but himself.

### 2. Prejudice to the Adversary

Defendants Wagner and Santos have been prejudiced by Plaintiff's continuous failure to provide the required service instructions to the U.S. Marshal. *See Poulis*, 747 F.2d at 868. Plaintiff's failure to serve the required USM-285 forms has deprived Defendants of the notice they are due, hindering their ability to effectively prepare for and defend this action. *Briscoe*, 538 F.3d at 259; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (hindering a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial). It is, of course, impossible for Defendants to defend an action where they have not been notified or served. Such prejudice weighs in favor of dismissal.

### 3. History of Dilatoriness

As noted above, the record reflects Plaintiff's significant dilatoriness. A history of dilatoriness may be reflected by "extensive or repeated delay or delinquency . . . or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260 (citing *Adams*, 29 F.3d at 874). Since the inception of this case in November 2015, Plaintiff has failed to provide the required instructions to the U.S. Marshal. In particular, Plaintiff failed to comply with the April 6, 2016, Court Order directing him to provide the USM-285 forms for each named Defendant. (ECF No. 36). In addition to the Court's Order, Plaintiff was notified in the April 27, 2016 hearing that he had not provided the proper documentation to serve Defendants Wagner and Santos. (ECF No. 52. Hr'g Tr., 2:24-3:12, Apr. 27, 2016). Despite the repeated notices and generous opportunity to serve

Defendants, service instructions were never provided for Wagner and Santos. Accordingly, Plaintiff's dilatory failure to properly serve these Defendants warrants their dismissal.

### 4. Willful or Bad Faith Conduct

Although this Court concludes that Plaintiff was dilatory, it does not find that Plaintiff's conduct was willful or in bad faith. Under this factor, the Court must consider whether Plaintiff's conduct was "the type of willful or contumacious behavior" which is characterized as "flagrant bad faith." *Briscoe*, 538 F.3d at 262 (citing *Adams*, 29 F. 3d at 875). If the conduct is merely negligent or inadvertent, the court will not find behavior to be "contumacious." *Poulis* 747 F.2d 868-69. The Court does not attribute this Plaintiff's dilatoriness to bad faith.

### 5. Availability of Alternative Sanctions

Further, a district court must consider the available sanctions alternative to dismissal. *Id.* at 869. Where a plaintiff is proceeding *pro se*, and specifically *in forma pauperis,* monetary penalties are generally not a viable sanction. *See Emerson*, 296 F.3d at 191. Dismissing Defendants Wagner and Santos is the most appropriate consequence for Plaintiff's failure to prosecute.

### 6. Meritoriousness of the Claim

Finally, in determining whether a plaintiff's underlying claim is meritorious, the Court uses the standard of Federal Rule of Civil Procedure 12(b)(6): "[a] claim, or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F. 2d at 869-70). The Court concludes the allegations against Defendants Wagner and Santos in Plaintiff's original complaint (ECF No. 3) lack merit. Plaintiff alleges that Defendants failed to keep a promise regarding Plaintiff's cell assignment with a fellow inmate; such allegations are not meritorious as to sexual harassment or denial of medical treatment, nor do they state a claim for violations of Plaintiff's First Amendment

rights or the "Federal Disability Act." In any event, Plaintiff failed to name Wagner and Santos as Defendants in the Proposed Amended Complaint. (ECF No. 86). The Court will not find merit in claims Plaintiff appears ready to discard.

Because the overwhelming weight of the *Poulis* factors favors dismissal, the Court adopts Magistrate Judge Baxter's recommendation to dismiss Defendants Wagner and Santos for Plaintiff's failure to prosecute.

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (ECF No. 148) and DENIES Plaintiff's objections and his request for additional time to submit the USM-285 "Process Receipt and Return" forms (ECF No. 150) for Defendants Wagner and Santos.

**SO ORDERED.**

DATED this 7th day of June, 2017.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE