# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Daniel A. Kloss, | ) |
|     *Plaintiff*, | ) Civil Case No. 15-cv-00282 |
| v. | ) ORDER ADOPTING THE |
| | ) REPORT AND RECOMMENDATION |
| SCI Albion/PA D.O.C. *et al.*, | ) |
|     *Defendants*. | ) |

## I. INTRODUCTION

Before the Court is the Report and Recommendation ("R&R") of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending that the Court deny Plaintiff's eight motions (ECF Nos. 135, 136, 146, 158, 162, 165, 174, and 179), all of which are construed as motions for preliminary injunction. (ECF No. 195). Plaintiff timely filed objections to the R&R. (ECF No. 206). Having reviewed the Report and Recommendation, Plaintiff's objections thereto, the record of the case, and the relevant law, the Court HEREBY ADOPTS the Report and Recommendation and DENIES Plaintiff's motions for preliminary injunction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Daniel A. Kloss, an inmate incarcerated at the State Correctional Institution in Albion, Pennsylvania, filed a *pro se* complaint on November 23, 2015, alleging sexual harassment, denial of medical treatment, violation of his First Amendment "Right for Religion," and violations of the "Federal Disability Act." (ECF No. 1 (Compl. at ¶ 4)). In addition, he requests that he be "placed back in the same cell and unit as [inmate] Jamie Butler." (ECF No. 1 (Compl. at ¶ 6)). In Plaintiff's Proposed Amended Complaint, Plaintiff reiterates several issues, and raises new ones. Among other things, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"),

unsafe prison conditions on housing units, procrastination and refusal of medical care, harassment, unwanted and unwarranted pain, and deliberate medical indifference. (ECF No. 86).

Including the motions currently before the court, Plaintiff has filed approximately twenty-two motions that have been titled or construed as motions for preliminary injunctions. (ECF Nos. 10, 42, 49, 50, 51, 53, 55, 58, 67, 79, 108, 109, 126, 130, 135, 136, 146, 158, 162, 165. 174, and 179). The Court will discuss the motions addressed in the May 23, 2017 R&R. (ECF No. 195).

On March 20, 2017, Plaintiff filed a "motion from abuse," requesting a hearing and to be transferred to another jail after corrections officer Sgt. Mazzone was reassigned to Plaintiff's unit. (ECF No. 135). In the past, Plaintiff had alleged that Sgt. Mazzone sexually assaulted and repeatedly harassed him. Defendants state that Plaintiff's complaints against Sgt. Mazzone were fully investigated and deemed unfounded. (ECF No. 137). Notably, Sgt. Mazzone is not a named Defendant. In Plaintiff's objections, he alleges the investigation was not properly examined. (ECF No. 206). Plaintiff's objections seek the "removal of the denial of ECF No. 135 and to wait for PREA's [Prison Rape Elimination Act] final finding." (ECF No. 206 at 1).

On March 20, 2017, Plaintiff filed a second motion for preliminary injunction, "motion for health care." (ECF No. 136). Plaintiff complains he was mistakenly sent to the wrong hospital for a specialty stomach procedure and alleges he never received a previous surgery that was ordered by Magistrate Judge Baxter. However, Defendants point out that Magistrate Judge Baxter has never ordered any medical procedure in this case. (ECF No. 138). Moreover, Defendants indicate Plaintiff has been receiving the proper medical care and attention, and in fact, Plaintiff has refused procedures because he wants to dictate the terms of his medical care. (ECF No. 138 at 2). In his objections, Plaintiff states that he does not "dictate where I want to go, I know where the

procedures can be done." (ECF No. 206 at 2). Plaintiff asks the Court to reconsider his "motion for health care." (*Id.*)

On April 7, 2017, Plaintiff filed a "motion to enter 3 months of harassment," alleging violations of his civil rights between the months of January 2017 through March 2017. (ECF No. 146). Plaintiff complains of, *inter alia*, his testosterone shots and thyroid medication (ECF No. 146-1 at 1, 3, 4), violation of his privacy rights and rights to practice religion (*Id.* at 1, 2), medical decisions regarding his stomach procedure (*Id.* at 3; *see also* ECF No. 136), the delay of pain medication (ECF No. 146-1 at 4), wheelchair and dining hall issues (*Id.* at 2, 5) and the cancellation of appointments (*Id.* at 3). Additionally, in Plaintiff's "motion for emergency medical injunction" filed on May 5, 2017, Plaintiff again complains of his medical care. (ECF No. 162). Defendants maintain Plaintiff continues to have access to medical care and that Plaintiff's motion does not implicate any emergency or threat of irreparable harm. (ECF No. 189). Defendants further contend Plaintiff's motions are substantially similar to requests that have been previously denied by the Court. (ECF No. 190).

On April 27, 2017, Plaintiff filed a "motion to put my RRRI release date back," asserting that his RRRI (Recidivism Risk Reduction Incentive) early release date of August 21, 2017 was removed without any explanation. (ECF No. 158). Plaintiff avers that the removal of his RRRI date was made in retaliation to this lawsuit. Defendants indicate Plaintiff was decertified from RRRI eligibility as a result of his latest misconduct. (ECF No. 187). Defendants also highlight Plaintiff's motion does not relate to the issues in the underlying complaint, and any motion seeking early release sounds in *habeas corpus*. (ECF No. 187). In his objections, Plaintiff claims his misconduct reports were "false and went against his disability rights." (ECF No. 206 at 3). Plaintiff seeks to keep his original RRRI date and asks the court "to put it back." (*Id.*)

On May 8, 2017, Plaintiff filed a "motion injunction for non-live-in aide," alleging violations of the "Federal Disability Act" for being denied a live-in aide. (ECF No. 165). Plaintiff requests that he be assigned a personal aide to push his wheelchair, clean his cell, and change his sheets. (*Id.*) Again, Plaintiff complains of his medical care, stomach issues and RRRI release date. Defendants state there is no personal "aide" position within the prison where an inmate is specifically assigned to assist another inmate. (ECF No. 188). Defendants uphold that Plaintiff's housing and medical needs continue to be met. (*Id.*)

Further, on May 15, 2017, Plaintiff filed motions for emergency hearings regarding his security level, housing codes and length of confinement. (ECF No. 174 & 175). Notably, Plaintiff has written numerous letters to the Court raising various concerns regarding his treatment in prison, despite the Court's order that he not attempt *ex parte* communication through such letters. (ECF No. 23).

Thereafter, on May 23, 2017, Magistrate Judge Baxter issued the R&R, recommending that the Court deny Plaintiff's eight motions for preliminary injunction because Plaintiff has failed to meet his burden of showing either immediate irreparable injury or a likelihood of success on the merits. (ECF No. 195). The R&R suggests Plaintiff has exhausted the Court's time and resources on matters that have been found to be "groundless, repetitive, misleading and vexatious." (*Id.*). Magistrate Judge Baxter further states that Plaintiff's disagreements with Defendants medical judgment and care are not actionable and concludes the Court will not override the professional judgment of medical practitioners charged with the Plaintiff's care. Finally, Magistrate Judge Baxter admonishes Plaintiff of its displeasure with Plaintiff's repeated motions and states the Court will consider sanctions should any subsequent frivolous motions be filed. (*Id.* at 8).

Plaintiff filed timely objections to the R&R. (ECF No. 206). In addition to Plaintiff's objections noted above, Plaintiff largely restates his narrative of grievances regarding his medical care and confinement. Specifically, Plaintiff claims there is a "deliberate medical indifference" in which he believes medical procedures have been "deliberately cancelled," thus causing him to suffer. (*Id*. 206 at 4). It appears that Plaintiff also believes that SCI-Albion prison officials forced him into the infirmary, again violating what he calls the "Federal Disability Act." (*Id*. at 5). Plaintiff further claims reports of his misconduct were false and violated his disability rights (*Id*. at 3). Plaintiff avers he is being punished for wanting to marry fellow inmate Jamie Butler, and he concludes that this lawsuit is therefore a civil rights issue. Finally, Plaintiff requests this case be assigned to a new judge and that this case move to trial. (*Id*. at 6).

## III. DISCUSSION

### A. Standard of Review

The issuance of a preliminary injunction is a matter of discretion for the Court that must be reviewed in light of the equitable standards governing the issuance of injunctions. *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1586 (Fed. Cir. 1993). In determining whether a movant has a right to preliminary injunctive relief, four factors must be shown: (1) a likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is denied; (3) whether granting relief will cause greater harm to the nonmoving party; and (4) whether the public interest favors such relief. *Bimbo Bakeries USA, Inc. v. Botticello*, 613 F.3d 102, 109 (3d Cir. 2010) (citing *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121, 1123 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." *Ortho Biotech Prods., L.P. v. Amgen Inc.*, No. 05-4850, 2006 WL 3392939, at *5 (D.J.N. Nov. 21, 2006) (quoting *Appollo Tech. Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1205 (D.N.J. 1992)). In fact, irreparable injury is most significant and must be present for a court to issue a preliminary injunction. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

Further, preliminary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted" and is never awarded as of right. *Intel Corp.*, 995 F.2d at 1586; *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Indeed, "[m]andatory injunctions should be used sparingly," and only when the circumstance is one that will inflict irreparable injury on the movant. *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982). Where the requested preliminary injunction "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980); *see also Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Thus, the Court must carefully weigh each factor against the other, and against the form and magnitude of the relief requested. *Intel Corp.*, 995 F.2d at 1586.

**B. Analysis**

Plaintiff cannot meet the heavy burden of establishing that injunctive relief is warranted. Based on the record, Plaintiff is unable to show either a likelihood of success on the merits or irreparable harm, and therefore, Plaintiff should not be granted injunctive relief. *See Bimbo Bakeries USA, Inc.*, 613 F.3d at 109. Moreover, it is clear that Plaintiff's motions do not demonstrate Defendants violated his civil or disability rights; rather, Plaintiff's motions consist of running narratives of grievances of daily prison life. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976)

(concluding that not every claim by a prisoner that he has not received adequate medical treatment is a violation of the Eighth Amendment).

First, in Plaintiff's "motion for abuse," Plaintiff appears to allege sexual harassment by Sgt. Mazzone. (ECF No. 135). However, Plaintiff is unable to establish either a likelihood of success on the merits or irreparable harm because it is clear in the record that Plaintiff's complaints against Sgt. Mazzone were fully investigated and deemed without merit. Additionally, Plaintiff's verbal and written reports lack detail in which he refused to clarify, and as such, Plaintiff's allegations are completely conclusory. *See Baylor v. Pa. Dep't of Corr.*, No. 12-0341, 2013 WL 521957, at *4 (M.D. Pa. Feb. 11, 2013) (noting that Plaintiff must specify if Defendants ever had any physical contact, the nature of the contact, and the repetition of the contact). Plaintiff's objections that the investigation was not properly investigated are groundless. Because the sexual harassment allegations have been resolved and deemed unfounded, Plaintiff has failed to establish irreparable injury. Therefore, any perceived danger is speculative in nature and Plaintiff is not entitled injunctive relief. *See Instant Air Freight Co.*, 882 F.2d at 800.

Second, Plaintiff has also failed to demonstrate either immediate irreparable harm or a likelihood of success on the merits in Plaintiff's "motion for health care" (ECF No. 136), "motion to enter 3 months of harassment" (ECF No. 146), and "motion for emergency medical injunction" (ECF No. 162). Plaintiff's motions are the most recent of a multitude of injunctive requests by Plaintiff attempting to dictate the "appropriate" medical treatment he is to receive. The record shows that Plaintiff has refused certain medical procedures and it is evident that Plaintiff disagrees with the type of medical treatment he is being offered and is receiving. Specifically, Plaintiff refused to have his "EGD botox" procedure done at a Millcreek Hospital and desired to have it performed at UPMC; because of this, Plaintiff believes his treatment is being ignored. However,

7

Plaintiff is being provided the proper medical care and such disagreements are not sufficient to establish violations of Plaintiff's civil rights. *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d. Cir. 1979); *see also Bowring v. Godwin*, 551 F. 2d 44, 47-48 (4th Cir. 1977)) (The essential test for determining the "right to treatment is . . . one of medical necessity and not simply that which may be considered merely desirable").

Despite consistent access to medical care, Plaintiff continues to allege a "deliberate medical indifference." To establish the likelihood of success on the merits, Plaintiff must allege acts or omissions sufficiently harmful to prove deliberate medical indifference to Plaintiff's serious medical needs. Plaintiff has failed to put forth such evidence and in fact has been seen by medical officials almost weekly in the past two to three months. *See Estelle*, 429 U.S. at 105-07 (prisoner seen by medical personnel on seventeen occasions spanning a three-month period did not state a cause of action for violations of the Eighth Amendment); ECF No. 189 at 3. Appropriately, prison medical authorities are afforded considerable liberty in the diagnosis and medical care of inmates, and therefore, mere objections to medical treatment does not establish a "deliberate medical indifference" to Plaintiff. *Inmates of Allegheny Cty. Jail*, 612 F.2d at 762; *(citing Bowring*, 551 F.2d at 48) (the deliberate indifference inquiry does not require courts to "second-guess" the propriety or adequacy of treatment decided by medical professionals). As a result, Plaintiff does not meet the requirement of the likelihood of success on the merits to demonstrate that he has been faced with a "deliberate medical indifference."

Likewise, Plaintiff has failed to establish that he has experienced irreparable harm. Plaintiff asserts that prison officials and medical personnel have deprived him of his disability rights, but the record shows that his grievances have been addressed and treated appropriately. Moreover, Plaintiff has not demonstrated that his medical complaints are the type of serious conditions which

place him in danger of immediate harm. *See Rivera v. Pa. Dep't of Corr.*, No. 09-2802, 2009 WL 3059048, at *1 (3d Cir. Sept. 25, 2009). Once again, Plaintiff is simply disagreeing with Defendant's medical judgment, which is not actionable and which a court will not override. *See White v. Napoleon*, 897 F. 2d 103, 110 (3d Cir. 1990) ("mere disagreements over medical judgment" do not constitute an Eighth Amendment claim); *Hathaway v. Coughlin*, 37 F.3d 63, 70 (4th Cir. 1977) ("Where the dispute concerns not the absence of help, but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, [the court] will not second guess the doctors.").

Because it is abundantly clear that Plaintiff is unable to establish the likelihood of success on the merits or prove that he has experienced irreparable harm, the Court finds it unnecessary to analyze whether granting relief will cause greater harm to the nonmoving party or whether the public interest favors such relief. *See Ortho Biotech Prod.*, 2006 WL 3392939, at *5-6 (quoting *Instant Air Freight Co.*, 882 F.2d at 800) (A failure to demonstrate either a likelihood of success on the merits or irreparable harm "must necessarily result in the denial of a preliminary injunction."). Thus, Plaintiff has failed to meet the factors that warrant injunctive relief in his "motion for health care" (ECF No. 136), "motion to enter 3 months of harassment" (ECF No. 146), and "motion for emergency medical injunction" (ECF No. 162).

Third, Plaintiff's "motion to put my RRRI release date back" (ECF No. 158) is not a viable civil rights action because it challenges the duration of Plaintiff's confinement, not the conditions, and thus Plaintiff improperly seeks *habeas corpus* relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1975). The Defendants make clear that Plaintiff was informed of the reasons why his RRRI eligibility was decertified, yet Plaintiff would have the Court believe that his eligibility was removed "without explanation." (ECF No. 158). In any event, the RRRI minimum imposed serves

9

only as a demarcation in time after which the offender may, at the discretion of the parole department, be eligible for RRRI; all of which is within the purview of the DOC ("Department of Corrections"). 61 Pa. Con. Stat. §§ 4506(a), (d). Moreover, Plaintiff's objections misstate the law and state false accusations regarding the DOC's misconduct reports. In light of the record and the *habeas corpus* relief requested, Plaintiff is denied injunctive relief to have his RRRI recertified.

Fourth, Plaintiff's "motion injunction for non-live-in aide" raises security concerns that fall within the discretion of the DOC. (ECF No. 165). The Court is not empowered to accommodate Plaintiff's request for the personal assignment of an aide, as these requests raise safety and security issues, which cannot be infringed upon by the Court. *See Thornburgh v. Abbot*, 490 U.S. 401, 404-07 (1989) (stating the court must give prison officials considerable deference in determining what is reasonably necessary to maintain order and safety within an institution). It is apparent that unit aides are made available to assist Plaintiff with his needs; however, any personally assigned aide, which Plaintiff requests, is not permissible. As such Plaintiff has access to assistance, and the absence of a personally assigned "live-in-aide" does not demonstrate immediate irreparable harm. Further, Plaintiff's demand for an aide is not new to the Court, and in fact has been properly denied before. (ECF No. 73). Thus, Plaintiff's motion for a live-in aide fails to demonstrate immediate irreparable harm or a likelihood of success on the merits to warrant injunctive relief.

Similarly, Plaintiff's motions for an emergency hearing regarding his security level and housing codes (ECF No. 174 and 179) improperly seek the Court's intervention on matters involving prison security. The DOC has established a policy with respect to reception, classification, and housing of inmates, and the Court is not permitted to override such polices. *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 328 (2012) (quoting *Bell v. Wolfish*, 441 U.S. 520, 546 (1979)) ("[m]aintaining institutional security and preserving

internal order and discipline are essential goals that may require limitation . . . of retained constitutional rights of . . . prisoners."). The task of maintaining legitimate security interests is within the province of the DOC; therefore, Plaintiff's request to abrogate the prison's policy is inappropriate. *See Florence*, 566 U.S. at 328. Plaintiff's motions for an emergency hearing do not establish grounds for injunctive relief and are accordingly denied.

Finally, Magistrate Judge Baxter expressed her displeasure with Plaintiff's numerous motions, particularly on matters that have been repeatedly heard and addressed by the Court. As such, the Court will consider sanctions should Plaintiff file any such subsequent motions with this Court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (Federal Rule of Civil Procedure allows sanctions to be imposed against a party through the Court's inherent power and own initiative).

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (ECF No. 195) and DENIES each of Plaintiff's motions for a preliminary injunction (ECF Nos. 135, 136, 146, 158, 162, 165, 174, and 179).

**SO ORDERED.**

DATED this 28th day of June, 2017.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE