# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Daniel A. Kloss,                       )
                                       )
               *Plaintiff*,            )          Civil Case No. 15-cv-00282
                                       )
        v.                             )          ORDER ADOPTING THE
                                       )          REPORT AND RECOMMENDATION
SCI Albion/PA D.O.C. *et al.*,         )
                                       )
               *Defendants*.           )
_____)

## I.        INTRODUCTION

Before the Court is the Report and Recommendation ("R&R") of the Honorable Susan

Paradise Baxter, United States Magistrate Judge, recommending that the Court deny Plaintiff's

most recent motions (ECF Nos. 207, 210 and 227). (ECF No. 232). Plaintiff timely filed objections

to the R&R. (ECF Nos. 235, 236, 237). Having reviewed the Report and Recommendation,

Plaintiff's objections thereto, the record of the case, and the relevant law, the Court HEREBY

ADOPTS the Report and Recommendation and DENIES Plaintiff's three motions.

## II.       FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Daniel A. Kloss, an inmate incarcerated at the State Correctional Institution in

Albion, Pennsylvania, filed a *pro se* complaint on November 23, 2015, alleging sexual harassment,

denial of medical treatment, violation of his First Amendment "Right for Religion," and violations

of the "Federal Disability Act." (ECF No. 1 (Compl. at ¶ 4)). In addition, he requests that he be

"placed back in the same cell and unit as [inmate] Jamie Butler." (ECF No. 1 (Compl. at ¶ 6)).  In

Plaintiff's Proposed Amended Complaint, Plaintiff reiterates several issues, and raises new ones.

Among other things, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"),

unsafe prison conditions on housing units, procrastination and refusal of medical care, harassment, unwanted and unwarranted pain, and deliberate medical indifference. (ECF No. 86).

Including the motions currently before the court, Plaintiff has filed approximately twenty-five motions that have been titled or construed as motions for preliminary injunctions. (ECF Nos. 10, 42, 49, 50, 51, 53, 55, 58, 67, 79, 108, 109, 126, 130, 135, 136, 146, 158, 162, 165. 174, 179, 207, 210 and 227). The Court will discuss the motions addressed in the June 29, 2017 R&R. (ECF No. 232).

On June 5, 2017, Plaintiff filed a document titled "emergency injunction with phone hearing for wheelchair to be put back," requesting an order requiring the new Medical Doctor at SCI-Albion, Dr. Halligan, to return Plaintiff's wheelchair. (ECF No. 207). Defendants filed a response stating Dr. Halligan removed Plaintiff's wheelchair because it was found that Plaintiff's strength was good and that he was able to ambulate with a cane. (ECF No. 214). Defendants argue Dr. Halligan's professional opinion concluded Plaintiff's wheelchair was not medically necessary. Notably, Dr. Halligan is not a named Defendant. In Plaintiff's objections, he claims he purchased the wheelchair himself and that he cannot use only a cane when walking long distances. (ECF No. 235). Plaintiff's objections seek to have the wheelchair returned, in which he asks the court to "confirm the wheelchair is mine and it belongs to me."

Also on June 5, 2017, Plaintiff filed a "motion for change of venue out of Erie District." (ECF No. 210). Plaintiff requests that his case be moved to another district and reassigned to a new judge. Specifically, Plaintiff is looking for a court that may provide him with more favorable treatment and suggests his case be reassigned to Judge Rambo in the Middle District of Pennsylvania because she is "hard on jails." Defendants filed a response, maintaining that venue is proper. (ECF No. 213). Defendants further point to Plaintiff's obvious attempt to "judge shop,"

which Defendants believe is based on the fact the Court has denied many of Plaintiff's motions. In Plaintiff's objections, he largely restates his narrative of reasons why he believes there should be a change in venue. (ECF No. 236). Plaintiff's objections further assert frivolous accusations claiming that "any court would recuse him or herself if they had inside information." Plaintiff maintains a wish to change venues and in addition asks the Court to transfer Lt. Cleveland to another prison to avoid issues.

Finally, on June 26, 2017, Plaintiff filed a "motion for phone hearing for return of private owned wheelchair & basic air in the infirmary to be working in rooms for my health and safety." (ECF No. 227). In his motion, Plaintiff requests his wheelchair be returned because he has fallen. Additionally, Plaintiff objects to his week in the infirmary and complains of the lack of air conditioning. Plaintiff again raises American's with Disabilities Act, further alleging that SCI-Albion's healthcare administrators are "committing deliberate indifference under the Eighth Amendment" by causing harm to Plaintiff when his wheelchair was removed. In his objections, Plaintiff continues to grieve about the air conditioning and his time in the infirmary. (ECF No. 237).

Thereafter, on June, 29 2017, Magistrate Judge Baxter issued the R&R, recommending that the Court deny Plaintiff's three motions because Plaintiff has failed to meet his burden of showing either immediate irreparable injury or a likelihood of success on the merits. (ECF No. 232). The R&R suggests that Plaintiff's disagreements with Defendants' medical judgment and care are not actionable and concludes the Court will not override the professional judgment of medical practitioners charged with the Plaintiff's care. Magistrate Judge Baxter further states Plaintiff's "motion for change of venue" is "merely a thinly-veiled request for recusal," without any legal justification. Plaintiff filed timely objections to the R&R. (ECF No. 235, 236, 237). In addition to

Plaintiff's objections noted above, Plaintiff continues to be redundant in his narrative of grievances regarding his medical care and confinement.

## III. DISCUSSION

### A. Standard of Review

The issuance of a preliminary injunction is a matter of discretion for the Court that must be reviewed in light of the equitable standards governing the issuance of injunctions. *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1586 (Fed. Cir. 1993). In determining whether a movant has a right to preliminary injunctive relief, four factors must be shown: (1) a likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is denied; (3) whether granting relief will cause greater harm to the nonmoving party; and (4) whether the public interest favors such relief. *Bimbo Bakeries USA, Inc. v. Botticello*, 613 F.3d 102, 109 (3d Cir. 2010) (citing *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121, 1123 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." *Ortho Biotech Prods., L.P. v. Amgen Inc.*, No. 05-4850, 2006 WL 3392939, at *5 (D.J.N. Nov. 21, 2006) (quoting *Appollo Tech. Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1205 (D.N.J. 1992)). In fact, irreparable injury is most significant and must be present for a court to issue a preliminary injunction. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

Further, preliminary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted" and is never awarded as of right. *Intel Corp.*, 995 F.2d at 1586; *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Indeed, "[m]andatory injunctions should be

used sparingly," and only when the circumstance is one that will inflict irreparable injury on the movant. *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982). Where the requested preliminary injunction "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980); *see also Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Thus, the Court must carefully weigh each factor against the other, and against the form and magnitude of the relief requested. *Intel Corp.*, 995 F.2d at 1586.

## B. Analysis

Plaintiff cannot meet the heavy burden of establishing that injunctive relief is warranted. Based on the record, Plaintiff is unable to show either a likelihood of success on the merits or irreparable harm, and therefore, Plaintiff's request for injunctive relief must be denied. *See Bimbo Bakeries USA, Inc.*, 613 F.3d at 109. Moreover, it is clear that Plaintiff's motions do not demonstrate Defendants violated his civil or disability rights; rather, Plaintiff's motions consist of running narratives of grievances of daily prison life. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (concluding that not every claim by a prisoner that he has not received adequate medical treatment is a violation of the Eighth Amendment).

First, Plaintiff's "emergency injunction with phone hearing for wheelchair to be put back" (ECF No. 207) appears to be the latest of his injunctive requests attempting to dictate the "appropriate" medical treatment he is to receive. The record shows that Plaintiff is being provided the proper medical care and such disagreements regarding his wheelchair access are not sufficient to establish violations of Plaintiff's civil and disability rights. *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d. Cir. 1979); *see also Bowring v. Godwin*, 551 F. 2d 44, 47-48 (4th

Cir. 1977) (The essential test for determining the "right to treatment is . . . one of medical necessity and not simply that which may be considered merely desirable").

Despite consistent access to medical care, Plaintiff continues to allege a "deliberate medical indifference." To establish the likelihood of success on the merits, Plaintiff must allege acts or omissions sufficiently harmful to prove deliberate medical indifference to Plaintiff's serious medical needs. Plaintiff has failed to put forth such evidence and in fact has been provided a wheelchair when necessary. Appropriately, prison medical authorities are afforded considerable liberty in the diagnosis and medical care of inmates, and therefore, mere objections to medical treatment does not establish a "deliberate medical indifference" to Plaintiff. *Inmates of Allegheny Cty. Jail*, 612 F.2d at 762; *(*citing *Bowring*, 551 F.2d at 48) (the deliberate indifference inquiry does not require courts to "second-guess" the propriety or adequacy of treatment decided by medical professionals). As a result, Plaintiff does not meet the requirement of the likelihood of success on the merits of his claim that he has been faced with a "deliberate medical indifference." As such, the Court will not order his wheelchair to be returned.

Likewise, Plaintiff has failed to establish that he has experienced irreparable harm. Plaintiff asserts that prison officials and medical personnel have deprived him of his disability rights, but the record shows that Plaintiff has been treated appropriately. Moreover, Plaintiff has not demonstrated that his medical complaints are the type of serious conditions which place him in danger of immediate harm. *See Rivera v. Pa. Dep't of Corr.*, No. 09-2802, 2009 WL 3059048, at *1 (3d Cir. Sept. 25, 2009). Once again, Plaintiff is simply disagreeing with Defendant's medical judgment, which is not actionable and which a court will not override. *See White v. Napoleon*, 897 F. 2d 103, 110 (3d Cir. 1990) ("mere disagreements over medical judgment" do not constitute an Eighth Amendment claim); *Hathaway v. Coughlin*, 37 F.3d 63, 70 (4th Cir. 1977) ("Where the

dispute concerns not the absence of help, but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, [the court] will not second guess the doctors.").

Because it is abundantly clear that Plaintiff is unable to establish the likelihood of success on the merits or prove that he has experienced or is experiencing irreparable harm, the Court finds it unnecessary to analyze whether granting relief will cause greater harm to the nonmoving party or whether the public interest favors such relief. *See Ortho Biotech Prod.*, 2006 WL 3392939, at *5-6 (quoting *Instant Air Freight Co.*, 882 F.2d at 800) (A failure to demonstrate either a likelihood of success on the merits or irreparable harm "must necessarily result in the denial of a preliminary injunction."). Thus, Plaintiff has failed to meet the factors that warrant injunctive relief in his "emergency injunction with phone hearing for wheelchair to be put back." (ECF No. 207).

Similarly, Plaintiff's motion "for phone hearing for return of private owned wheelchair & basic air in the infirmary to be working in rooms for my health and safety" (ECF No. 227) fails to give rise to a cognizable Eighth Amendment claim. *Cook v. Corbett*, No. 14-5895, 2015 WL 4111692, at *7 (E.D. Pa. July 8, 2015) (holding that "a lack of air conditioning does not give rise to an Eighth Amendment claims absent specific allegations about the harm a plaintiff suffered"); *see e.g., Davidson v. Masters*, No. 89-3942, 1989 WL 5844, a *1 (E.D.Pa. May 31, 1989). In any event, Plaintiff's grievance regarding the air conditioning is something that should be handled internally via the prison's grievance process. Therefore, Plaintiff's motion regarding the lack of air conditioning and medical care is denied.

Finally, Plaintiff's "motion for change of venue," (ECF No. 210) is wholly unfounded and is merely a request for recusal of Magistrate Judge Baxter, as well as the presiding undersigned District Judge, without any legal justification. Plaintiff cites to the disqualification statute, 28

U.S.C. § 455, in which Plaintiff believes Magistrate Judge Baxter is required to recuse herself due to biases. It is evident Plaintiff is dissatisfied with the denial of his many motions; however, the law provides that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Coulter v. Allegheny Co. Bar Ass'n*, 496 F. App'x 167 (3d Cir. 2012) (quoting *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273 (3d Cir. 2000)). After review of the record, the Court finds no evidence of bias or "inside information" that might warrant recusal. Plaintiff's assertions regarding the Magistrate Judge's biases are frivolous and improper and therefore the Court denies Plaintiff's request to change venues. Moreover, Plaintiff's request is clearly motivated by his desire to "judge shop," which is entirely inappropriate. *United States v. Dalfonso*, 707 F.2d 757, 761 (3d Cir. 1983) (quoting 93d Cong., 2d Sess. (H. R. Rep. No. 1453)) ("Litigants ought not to have a judge where there is a reasonable question of impartiality, but they are not entitled to judges on their own choice.")). Therefore, Plaintiff "motion for change of venue" is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (ECF No. 232) and DENIES each of Plaintiff's motions. (ECF Nos. 207, 210, 227).

**SO ORDERED.**

DATED this 14th day of August, 2017.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE